IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KARSTEN CANNON                                                                                      PLAINTIFF
a/k/a YLIYAH BEN YISRAYL

V.                                          NO. 3:06CV00204 JMM

RICHARD E. BUSBY, et al                                                                          DEFENDANTS

## ORDER

On November 8, 2006, Plaintiff, a pro se pretrial detainee currently confined to the Crittenden County Detention Facility, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2), a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1), and a motion for preliminary injunction and temporary restraining order (docket entries #3-1, #3-2).  Because Plaintiff's case must be dismissed, in forma pauperis status need not be addressed.

### I.  Sua Sponte Dismissal

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  This Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in forma pauperis appeal of the judgment in a civil action, at any time either on its own motion or on the motion of a party if it determines that the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Id. § 1915(g).

Section 1915(g) has been held constitutional by Higgins v. Carpenter, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them") (emphasis added).

## II.  28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had three or more prior complaints dismissed for failure to state a claim upon which relief may be granted.  Of the twelve lawsuits Plaintiff has filed since 1999,[1] three have been dismissed for failure to state a claim upon which relief may be granted,[2] and four have been dismissed based on Plaintiff's prior three-strikes.[3]

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (docket entry #2), that he is not in imminent danger of serious physical injury.

---

[1] Nine of which have concerned the conditions of his confinement.

[2] See Yisrayl, et al. v. Myers, et al., 5:01CV00135 (filed April 24, 2001); Yisrayl v. Epps, et al., 5:01CV00121 (filed April 12, 2001); and Yisrayl v. Huckabee, et al., 4:99CV00567 (filed August 12, 1999).

[3] See Yisrayl v. Huckabee, et al., 2:03CV00153 (filed October 17, 2003); Yisrayl v. Mobley, et al., 5:02CV00274 (filed July 29, 2002); Yisrayl v. Norris, et al., 5:02CV00113 (filed April 1, 2002); and Cannon v. West Memphis, et al., 3:01CV00346 (filed October 24, 2001).

Plaintiff asserts specific complaints of not receiving a kosher diet,[4] denial of notary services, denial of copies of warrants filed against him and notice of his first appearance in circuit court, general unconstitutional conditions of confinement,[5] and "maladministration" in connection with his legal mail and access to the courts.

### III. Conclusion

For the reasons explained herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE; and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 5th day of December, 2006.


UNITED STATES DISTRICT JUDGE

---

[4] However, he acknowledges that since he complained he has received a "styro-foam tray with a portion of cold eggs, tough biscuits, and some jelly with no pork-substitute, etc."

[5] (1) inadequate living quarters, meals and clothing; (2) unsanitary living environment; (3) arbitrary notary services; (4) inadequate legal aid / counseling; (5) denial of minimum access to law materials; (6) unconstitutional custom and practice of denying inmates' reasonable access to the courts; (7) no meaningful recreation / leisure time; (8) denial of reasonable television programming; (9) excessive lock down in cells; (10) arbitrary punishment without due process of law; (11) arbitrary and unconstitutional grievance procedure; (12) "maladministration"; and (13) hostile environment.